IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC. | ) |
| | ) |
| v. | ) NO. 3-15-0663 |
| | ) JUDGE CAMPBELL |
| DELTAWING PROJECT 56, LLC, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court are a Motion to Stay (Docket No. 37) filed by Defendants DeltaWing Project 56, LLC, DeltaWing Technologies, Inc., and Donald Panoz and a Joiner in Motion to Stay (Docket No. 42), filed by Defendants Walton, Ganassi, and Dayton.

The first Motion (Docket No. 37) asks the Court to stay this case pending full and final resolution of pending litigation in Georgia state court in the case of *DeltaWing Project 56, LLC v. Ben Bowlby, et al.* Alternatively (in the Memorandum supporting their Motion), Defendants ask the Court to stay this action until pre-answer dispositive motions are filed and ruled upon in this case.

The second Motion (Docket No. 42) asks the Court to stay the case pending resolution of the Georgia case or, alternatively, to stay discovery pending resolution of Defendants' Motions to Dismiss which are based upon lack of personal jurisdiction (Docket Nos. 75 and 80).

INTRODUCTION

This action involves claims by Plaintiff Nissan against Defendants for false advertising, conspiracy to commit false advertising, defamation, conspiracy to defame, injurious falsehood, and conspiracy to commit injurious falsehood. Plaintiff alleges that Defendants falsely claimed, in three publications, that Plaintiff had stolen Defendants' intellectual property and violated Defendants' intellectual property rights with regard to the design of a particular race car.

The underlying dispute between these parties involves a race car called the Delta Wing and the alleged misappropriation of intellectual property related to the Delta Wing vehicle in the design of a Nissan car called the ZEOD-RC. DeltaWing Technologies, Inc. ("DWT") is the alleged owner of the intellectual property at issue, and DeltaWing Project 56, LLC ("DWP56") is the alleged licensee of the intellectual property at issue.

The Georgia Action

The history of this litigation begins in Georgia state court, where DWP56 sued Nissan, Ben Bowlby, and several others for trade secrets misappropriation and various alleged state law violations. DWP56 contends that the design of the Delta Wing vehicle was conceived by Ganassi and Bowlby and that Panoz, Ganassi, Dayton and Walton formed DWP56 to develop the Delta Wing car as an operational vehicle. DWP56 alleges that Bowlby then wrongfully gave to Nissan extensive highly confidential and proprietary information regarding the Delta Wing vehicle.

In Georgia, the state court denied DWP56's Motion for Interlocutory Injunction, which sought to enjoin Nissan, Bowlby and others from engaging in any activity with respect to the ZEOD vehicle and to prevent any use by those defendants of the purportedly misappropriated proprietary information belonging to DWP56. The Georgia court stated that DWP56 had not shown irreparable harm because its alleged harm was remediable in money damages. It also found that DWP56 had not shown a substantial likelihood of success on the merits of its claim for trade secrets misappropriation. Docket No. 43-8.

The Indiana Action

The second lawsuit involving this dispute was filed in Indiana state court, where DWT sued Bowlby, alleging breach of contract and misappropriation of trade secrets. The Indiana court denied

2

DWT's Motion for Temporary Restraining Order and granted Defendant Bowlby's Motion for Summary Judgment. The Indiana court stated that if the design of the Delta Wing vehicle was a trade secret, it had long since lost its secrecy. The Indiana court also held that it was unconvinced that any valuable secret remained and that DWT did not take reasonable efforts to protect the secrecy of the design, process or iterations of the car. Docket No. 43-4. The Indiana court entered summary judgment in favor of Bowlby on all counts and claims and dismissed the case. Docket No. 43-3.

<u>The Tennessee Action</u>

This lawsuit arose after Defendants herein allegedly published false and defamatory statements about Plaintiff Nissan, specifically that Nissan used the design ideas of others without permission, compensation or recognition, that Nissan improperly used intellectual property developed and owned by DWT, and that Nissan's ZEOD-RC's design was based upon DWT's technology.

Defendants ask this Court to stay this action pending resolution of the Georgia state court action. Nissan opposes Defendants' Motions.

## MOTIONS TO STAY

The Court recognizes that the power of a court to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Lincoln Memorial Univ. v. The American Bar Ass'n*., 2012 WL 1108125 at * 10 (E.D. Tenn. April 2, 2012) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Moreover, trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Hahn v. Star Bank*, 190 F.3d

3

708, 719 (6th Cir. 1999); *Lubinski v. Hub Group Trucking, Inc.*, 2015 WL 4603878 at * 1 (W.D. Tenn. July 30, 2015). A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Id*. Courts may stay discovery for "good cause" to protect a party from undue expense or burden. *Id*. (citing Fed. R. Civ. P. 26(c)(1)).

Here, the Court finds that there is good cause to stay discovery pending resolution of the Defendants' Motions to Dismiss for lack of personal jurisdiction. Should the Court find it has no jurisdiction and dismiss the action against these Defendants, they would have no need for the burden or expense of participating in the litigation.

Accordingly, the Motion for Stay filed by Defendants Walton, Ganassi, and Dayton (Docket No. 42) is GRANTED in part and DENIED in part. All discovery in this case is stayed, pending resolution of the pending Motions to Dismiss related to jurisdiction (Docket Nos. 75 and 80). Moreover, the stay of discovery shall extend to all parties, in the interest of judicial economy, so that the risk of having to conduct discovery twice is alleviated.

The Magistrate Judge may, however, lift the discovery stay for the limited purpose of discovery related to the pending jurisdictional issues, if appropriate.

In light of the above ruling, the Motion for Stay filed by Defendants DeltaWing Project 56, LLC, DeltaWing Technologies, Inc., and Donald Panoz (Docket No. 37) and the portion of the Motion to Stay filed by Defendants Walton, Ganassi and Dayton (Docket No. 42) which joins in the first Motion to Stay are DENIED without prejudice to being re-filed, if appropriate, once the stay of discovery is lifted.

In accordance with the Federal Rules of Civil Procedure and Local Rules of Court, Plaintiff's Responses to Defendants' Motions to Dismiss are due by December 7, 2015, and Replies shall be filed by December 24, 2015.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE